IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JERALD JEROME DORSEY, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | Civil Action No. 4:14-CV-576-Y |
| § | |
| RODNEY W. CHANDLER, Warden, § | |
| FCI-Fort Worth, § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER**

Before the Court is Petitioner Jerald Jerome Dorsey's second petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 in this Court.

After having considered the petition and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of jurisdiction.

I.   Factual and Procedural History

Petitioner continues to serve his 180-month term of imprisonment for his 2007 conviction for possession of a firearm by a convicted felon in the Atlanta division of the United States District Court of Georgia. *United States v. Davis*, Criminal Docket No. 1:06-CR-325-ODE-LTW-1, ECF No. 81.  Petitioner was sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Petitioner appealed his conviction and sentence and sought postconviction relief in the convicting court in the form of one or more § 2255 motions, to no avail.  In addition, Petitioner filed a

prior § 2241 habeas petition in this Court challenging his 180-month sentence, which was dismissed for lack of jurisdiction based on his failure to satisfy the requirements of the so-called "savings clause" in § 2255(e), *see infra*. *Dorsey v. Chandler,* Civil Action No. 4:10-CV-856-Y. The Fifth Circuit affirmed the dismissal.[1] *Dorsey v. Tamez,* 465 Fed. App'x 372, 2012 WL 1059399 (5th Cir. 2012). This petition was received by the clerk of Court for filing on July 25, 2014.

## II.  Discussion

Petitioner has been previously advised that a habeas petition under § 2241 is generally used to challenge the manner in which a sentence is executed and a § 2255 motion is the primary means under which a federal prisoner may collaterally attack the legality of a conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). A § 2241 petition attacking a federal conviction or sentence may only be considered if, under § 2255's so-called savings clause, the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). In order to meet this burden, a petitioner must show that (1) his claim is based on a retroactively applicable Supreme Court decision, (2) his claim was

---

[1] The undersigned takes judicial notice of the pleadings and documentary exhibits in Petitioner's previously filed habeas action.

2

foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) a retroactively applicable decision establishes that he may have been convicted of a nonexistent offense. *Garland v.* Roy, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Relying on *Descamps v. United States,* 570 U.S. —, 133 S. Ct. 2276 (2013), Petitioner claims he is "underneath service of an illegal sentence because" he is not an armed career offender given that his 1974 burglary conviction "has been subsequently determined not to be a crime of violence" and his armed-career-criminal status "was [improperly] determined by 'categorical' classification." (Pet. 4, ECF No. 1.)  He also claims his armed-career-criminal status was determined "without these facts being [alleged in the indictment and] found by a jury," as required by *Alleyne v. United States,* 133 S. Ct. 2151 (2013). (*Id.* at 5.) As correctly noted by Respondent, it is clear that, at the very least, Petitioner cannot meet the first requirement.  The Supreme Court has not made *Descamps* or *Alleyne* retroactively applicable to cases on collateral review. *See In re Jackson,* 776 F.3d 292, 296 (5th Cir. 2015); *In re Kemper,* 735 F.3d 211, 212 (5th Cir. 2013). As such, Petitioner cannot rely on § 2241 to raise his current challenge to his sentence.

For the reasons discussed, the Court DISMISSES Petitioner's

3

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of jurisdiction.

SIGNED April 24, 2015.

                                                       TERRY R. MEANS
                                                       UNITED STATES DISTRICT JUDGE